IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE MEREDITH,

    Plaintiff,                    No. CIV S-10-3325 DAD (TEMP) P

   vs.

M. MULLALY, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 2, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, ___U.S.___, ___, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

On February 2, 2011 the court dismissed plaintiff's original complaint for failure to state a claim upon which relief can be granted. In doing so, the court noted as follows:

> Plaintiff's complaint concerns deprivation of personal property by certain California law enforcement officials. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

       constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, § 900, et seq. For these reasons, and because plaintiff fails to point to anything suggesting defendants violated any other provision of federal law, plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed.

(Order filed Feb. 2, 2011 (Doc. No. 6) at 3.)

       The court, however, granted plaintiff leave to file an amended complaint. With respect to the contents of the amended complaint, plaintiff was informed, in part, that he must allege facts demonstrating how the conditions complained of have resulted in a deprivation of federal law. (Id.) (citing Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980)).

       In his amended complaint, plaintiff alleges that when he was booked into the Sacramento County Jail on December 27, 2006, various items of personal property were taken from him and booked into evidence. It does not appear from the allegations of the amended complaint that the property has been returned. Plaintiff does not allege that the deprivation of his personal property, by itself, is the basis for a federal civil rights claim as he did in his original complaint.[1] Rather, plaintiff now alleges that the fact he did not have access to his property during his criminal trial deprived him of a fair trial as guaranteed under the Due Process Clause of the Fourteenth Amendment because, plaintiff claims, he was denied the opportunity to sell his personal property to fund his defense. The problem is that any such claim plaintiff might have concerning the alleged denial of a fair trial is barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). There, the Court found that a § 1983

---

[1] In any case, plaintiff fails to allege that he has been permanently deprived of his property pursuant to state procedures, regulations, or statutes. Therefore, as indicated above, plaintiff has no actionable claim for a violation of due process in connection with the deprivation of his property.

1  action that would necessarily call into question the lawfulness of a plaintiff's conviction is not

2  cognizable unless the plaintiff can show his conviction has been reversed, expunged or otherwise

3  set aside. Id. at 486-87. Plaintiff has not made such a showing here.

4  For these reasons, plaintiff has failed to state a claim upon which relief can be

5  granted in his amended complaint. The undersigned has carefully considered whether there is

6  any possibility that plaintiff may amend his complaint to state a cognizable federal claim that

7  would not be subject to dismissal. "Valid reasons for denying leave to amend include undue

8  delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan

9  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v.

10 Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to

11 amend shall be freely given, the court does not have to allow futile amendments). It appears that

12 granting further leave to amend would be futile in this instance given the nature of plaintiff's

13 complaint and the defects noted above.

14 Accordingly, IT IS HEREBY ORDERED that this action be dismissed with

15 prejudice due to plaintiff's failure to state a claim upon which relief can be granted.

16 DATED: March 8, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc
mere3325.dis